UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JEFFREY RANGEL,** | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| **ASLM II;** | § | |
| **DAVID PUENTE;** | § | EP-24-CV-00436-DCG |
| **LAURA MARQUEZ;** | § | |
| **FEDERICO AGUIRRE; and** | § | |
| **EDDIE ROMO,** | § | |
| | § | |
| *Defendants*. | § | |

# ORDER

U.S. Magistrate Judge Miguel A. Torres has issued a Report and Recommendation ("R. & R.") advising the Court to:

(1)   dismiss the above-captioned case with prejudice; and

(2)   deny *pro se* Plaintiff Jeffrey Rangel's Motion to Appoint Counsel as moot.[1]

The Court **ACCEPTS** the R. & R. **IN PART** to the extent Judge Torres recommends dismissing this case and denying Plaintiff's Motion to Appoint Counsel as moot.[2]  However, because the Court lacks the power to dismiss this case *with* prejudice as Judge Torres recommends, the Court **MODIFIES** the R. & R. **IN PART** to dismiss the case *without* prejudice.[3]

---

[1] *See* Order & R. & R., ECF No. 10, at 6; *see also infra* Section I.C.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See infra* Sections II.B & D.

[3] *See infra* Section II.C.

## I.   BACKGROUND

### A.   Plaintiff's Allegations

On October 8, 2024, Defendant ASLM II filed a petition in an El Paso County Justice Court to evict Plaintiff from certain residential property.[4] The Justice Court entered an eviction judgment against Plaintiff on October 23, 2024.[5] Plaintiff then filed the above-captioned federal lawsuit seeking to collaterally attack the Justice Court's eviction judgment.[6]

### B.   Procedural Posture

On December 4, 2025, Plaintiff filed an Application to Proceed *In Forma Pauperis* ("IFP") in this case.[7] The Court referred Plaintiff's IFP Application to Judge Torres for either a ruling or an R. & R. (as appropriate).[8]

Plaintiff has also filed a Motion to Appoint Counsel to represent him in this case.[9] The Court referred that Motion to Judge Torres as well.[10]

---

[4] *See* Eviction Pet., ECF No. 11, at 19.

[5] *See* Eviction J., ECF No. 11, at 22.

[6] *See, e.g.*, Compl., ECF No. 11, at 3 ("There have been rulings made against the Plaintiff [in the Justice Court proceedings] that are of legal error, during the course of the case, the Judges have been bias and ignored evidence that had been presented by the Plaintiff, Jeffrey Rangel.  This is a violation of Due Process of Law, the Sixth Amendment guarantees the right to a fair trial[.]" (errors in original)); *id.* at 8 (alleging that "ASLM II has obtained an Eviction Judgment based on fraudulent pretenses and the Judgment must be dismissed [sic] immediately").

[7] *See* IFP Appl., ECF No. 1.

[8] Referral Order, ECF No. 6, at 1–2 ("Judge Torres may hear and determine any portion of the [IFP] Application that he possesses the constitutional and statutory authority to hear and determine.  To the extent that Judge Torres *lacks* constitutional or statutory authority to hear and determine any part of the Application, he shall issue [an R. & R.].").

[9] *See* Mot. Appoint Counsel, ECF No. 4.

[10] Referral Order at 2.

**C.     Judge Torres's R. & R.**

Concluding that Plaintiff "has no significant financial resources and is unable to pay the filing fee," Judge Torres granted Plaintiff's IFP Application.[11] Doing so made Plaintiff subject to the IFP statute's prescreening provisions, which require the Court to dismiss an IFP case if the plaintiff "fails to state a claim on which relief may be granted."[12] Thus, at the undersigned Judge's direction,[13] Judge Torres also screened Plaintiff's Complaint.[14]

Upon performing that screening, Judge Torres issued an R. & R. advising the Court to dismiss this case under the *Rooker-Feldman* doctrine,[15] which the Court discusses at length below.[16] As will become important later,[17] Judge Torres recommends dismissing this case *with prejudice to refiling*.[18] In light of his recommendation to dismiss this case, Judge Torres further recommends denying Plaintiff's Motion to Appoint Counsel as moot.[19]

---

[11] Order & R. & R. at 1–2.

[12] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

*See also, e.g.*, *Wilson v. Pension Benefit Guar. Corp.*, No. 3:17cv562, 2018 WL 328017, at *3 (S.D. Miss. Jan. 8, 2018) ("[B]ecause Plaintiff has attempted to proceed *in forma pauperis*, his Complaint is subject to judicial screening." (first citing 28 U.S.C. § 1915(e)(2)(B); then citing *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 207 (5th Cir. 2016))); *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *1 (E.D. La.) ("The screening and dismissal provisions of § 1915(e)(2) apply equally to prisoner and non-prisoner *in forma pauperis* cases." (citations omitted)), *report and recommendation accepted by* 2012 WL 700265 (E.D. La. Feb. 29, 2012).

[13] *See* Referral Order at 1 ("If appropriate, Judge Torres shall also pre-screen Plaintiff's proposed Complaint pursuant to 28 U.S.C. § 1915(e)(2)." (emphasis omitted)).

[14] *See* Order & R. & R. at 2–6.

[15] *See id.* at 4–6.

[16] *See infra* Section II.B.

[17] *See infra* Section II.C.

[18] Order & R. & R. at 6.

[19] *Id.* at 1, 6.

**D.      Plaintiff Failed to Object to the R. & R.**

The Clerk of Court's office mailed the R. & R. to Plaintiff on September 6, 2025.[20] Plaintiff thus had until September 23, 2025 to object to the R. & R.[21] Plaintiff did not object to the R. & R. by the September 23rd deadline.

## II.      DISCUSSION

**A.      Standard of Review**

When a Magistrate Judge submits an R. & R. for the Court's consideration, the District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge."[22] Where—as here—no party has objected to the R. & R. by the applicable deadline,[23] the Court's review is limited to assessing whether the R. & R. is clearly erroneous or contrary to law.[24]

---

[20] *See* Certified Mailing, ECF No. 13, at 1.

[21] *See* FED. R. CIV. P. 5(b)(2)(C) (providing that when the Clerk of Court serves a paper by "mailing it to the person's last known address," "service is complete *upon mailing*" (emphasis added)); 28 U.S.C. § 636(b)(1) ("*Within fourteen days after being served a copy*, any party may serve and file written objections to [an R. & R.] . . . ." (emphasis added)); FED. R. CIV. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . *3 days are added* after the period would otherwise expire . . . ." (emphasis added)).

[22] 28 U.S.C. § 636(b)(1).

[23] *See supra* Section I.D.

[24] *See, e.g.*, *Magdalena Garcia v. Sessions*, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) ("Where no party objects to the Magistrate Judge's Report and Recommendation, the Court is not required to perform a *de novo* review of the Magistrate Judge's determination, but need only review it to decide whether the Report and Recommendation is clearly erroneous or contrary to law.").

B.  **The Court Accepts the R. & R. in Part Insofar as Judge Torres Recommends Dismissing Plaintiff's Claims**

To the extent Judge Torres recommends dismissing Plaintiff's claims under the *Rooker-Feldman* doctrine, the Court **ACCEPTS** the R. & R. **IN PART**.

The *Rooker-Feldman* doctrine holds that federal district courts lack jurisdiction to "review, modify, or nullify final orders of state courts."[25] Thus, litigants who lose in state court may not file a federal lawsuit "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[26]

As noted, Plaintiff is seeking to collaterally attack a state court eviction judgment in this federal lawsuit.[27] Therefore, to the extent the R. & R. recommends dismissing this suit under the *Rooker-Feldman* doctrine, it is neither clearly erroneous nor contrary to law.[28]

C.  **The Court Modifies the R. & R. in Part Insofar as Judge Torres Recommends Dismissing Plaintiff's Claims With Prejudice**

Respectfully, however, the R. & R. *is* clearly erroneous and contrary to law to the extent it recommends that the Court dismiss the case *with prejudice*. A federal district court has no

---

[25] *E.g.*, *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000).

[26] *E.g.*, *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (citation modified).

[27] *See supra* Section I.A.

[28] *See, e.g.*, *Goulla v. Wells Fargo Bank*, No. 1:21-CV-01042, 2022 WL 1237601, at *4 (W.D. Tex. Apr. 26, 2022) (explaining that a plaintiff "cannot challenge the validity of a state court judgment or order for eviction in federal court because such challenges are prohibited by the *Rooker-Feldman* doctrine"), *report and recommendation accepted by* 2022 WL 17732689 (W.D. Tex. Aug. 18, 2022).

power to dismiss a case *with* prejudice unless it has jurisdiction over the case.[29] If a district court *lacks* jurisdiction over a case, it must dismiss the case *without* prejudice.[30]

The Fifth Circuit has held that "the *Rooker-Feldman* doctrine is jurisdictional."[31] "Dismissals under the *Rooker-Feldman* doctrine should [therefore] be *without* prejudice[,] since the doctrine deprives the Court of subject-matter jurisdiction over the plaintiff's claim."[32]

For that reason, the Court **MODIFIES** the R. & R. **IN PART** to specify that the Court's dismissal of Plaintiff's claims is *without* prejudice.

### D. The Court Accepts the R. & R. in Part Insofar as Judge Torres Recommends Denying Plaintiff's Motion to Appoint Counsel as Moot

Having dismissed Plaintiff's claims, the Court agrees with Judge Torres that Plaintiff's Motion to Appoint Counsel to help him litigate those claims is now moot.[33] The Court therefore **ACCEPTS** the R. & R. **IN PART** insofar as it recommends denying Plaintiff's Motion to Appoint Counsel on that basis.

---

[29] *See, e.g.*, *Greiner v. United States*, 900 F.3d 700, 706 (5th Cir. 2018) ("Because the district court lacked jurisdiction over [the plaintiff's] claims, it was without authority to dismiss the claims with prejudice because a dismissal with prejudice is a final judgment on the merits of a case." (citation modified)).

[30] *See, e.g.*, *Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 449 (5th Cir. 2023) ("We've repeatedly insisted that a jurisdictional dismissal *must be without* prejudice to refiling in a forum of competent jurisdiction." (citation modified)).

[31] *E.g.*, *Truong*, 717 F.3d at 381.

[32] *Daniel v. Goldman Sachs Bank USA*, No. 4:23-cv-00030, 2023 WL 5155772, at *2 (N.D. Tex. June 9, 2023) (emphasis added), *report and recommendation accepted by* 2023 WL 5154988 (N.D. Tex. Aug. 10, 2023); *see also, e.g.*, *Diaz v. O'Brien*, No. 5:24-CV-00129, 2025 WL 97647, at *1 (W.D. Tex. Jan. 13, 2025) ("Because *Rooker-Feldman* is jurisdictional, any dismissal must be without prejudice.").

[33] *See* Order & R. & R. at 1, 6.

### III. CONCLUSION

The Court therefore **ACCEPTS** Judge Torres's "Report and Recommendation Regarding Plaintiff's Complaint" (ECF No. 10) **IN PART** and **MODIFIES** it **IN PART**.

The Court **DISMISSES** the above-captioned case **WITHOUT PREJUDICE**.

The Court **DENIES** Plaintiff's "Motion for Appointment of Counsel" (ECF No. 4) as **MOOT**.

The Court **CLOSES** the case.

The Clerk of Court **SHALL MAIL** this Order to:

Jeffrey Rangel
5701 Lexington Rd.
El Paso, TX 79924

**So ORDERED and SIGNED this 25th day of September 2025.**

_____
DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE